```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE


Kelly Guay

     v.                                    Civil No. 07-cv-282-SM
                                           Opinion No. 2007 DNH 130
United States of America
```

**O R D E R**

Petitioner, Kelly Guay, seeks relief from her sentence under the provisions of 28 U.S.C. § 2255, claiming that defense counsel provided constitutionally deficient representation, that she was entrapped by police into committing the crimes of conviction, and that her sentence was improperly based on the "100 to 1" sentencing disparity between powder cocaine and crack cocaine under the Sentencing Guidelines.  Guay pled guilty to three counts of distributing the controlled substance cocaine base or "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1).

**Background**

At her plea hearing, Guay stated under oath that she was satisfied with the advice given her and legal representation provided by her counsel.  She also stated that she was pleading guilty because she was in fact guilty.  She confirmed the accuracy of the government's factual proffer (with one minor

exception not relevant to guilt or innocence), and she stated that, based upon her own knowledge of the facts of the case, she was satisfied that entering guilty pleas rather than going to trial was in her own best interest.  Finally, Guay denied that she was pleading guilty due to any threats or inducements, other than the consideration detailed in the written plea agreement filed with the court.

The facts to which she agreed, simplified, were that as part of a drug investigation in Manchester, New Hampshire, a confidential informant (later revealed as William Cyr, a former boyfriend of defendant's) identified Guay as someone who was selling drugs for one of the targets of the investigation (a Daniel Riendeau).  The informant contacted Guay, who had recently been released from a previous drug-related sentence, about buying crack.  Guay told the informant to meet her in Nashua, New Hampshire.  The informant and an undercover officer went to Nashua, on July 26, 2005, met Guay, and Guay delivered a quantity of crack in exchange for $500.  Guay told the undercover officer to call her directly if the undercover officer needed anything else.  On July 28, 2005, the undercover officer called Guay, using a phone number she had given him, and arranged a meeting to buy crack.  They met later that day at a parking lot in

Manchester where, after a short wait, a person on a motorcycle arrived. Guay approached the person, came back to the officer and got $500 from him, and returned to the cyclist. They went into a condominium complex and, after a few minutes, Guay came out and handed the officer a baggie containing about six grams of crack cocaine. On August 2, 2005, the officer again called Guay and arranged a sale at a local golf course parking lot. Once again, Guay arrived and delivered approximately seven grams of crack cocaine in exchange for $500.

## Discussion

Guay claims, in general terms, that defense counsel provided constitutionally deficient representation in that he did not meet with her often enough, did not prepare adequately for sentencing, and "refused" to allow her to go to trial even though she "desperately" wished to do so. She also implies that she wished to testify at her sentencing hearing, but counsel did not "inform" her of her opportunity to address the court.

Guay's unspecific claims are entirely inconsistent with her sworn statements at the plea hearing, which statements are entitled to a presumption of truthfulness. Nothing in Guay's § 2255 motion, or in the record, suggests any "credible, valid

reasons why a departure from those earlier contradictory statements is now justified." United States v. Butt, 731 F.2d 75, 80 (1st Cir. 1984).  I find that she has failed to overcome the presumption of truthfulness of her own Rule 11 statements during the plea colloquy.

　　　The record belies Guay's claims even apart from her own sworn testimony.  Counsel's CJA reimbursement application discloses more than adequate time devoted to Guay's case; his thoughtful sentencing preparation was evident from the detailed and comprehensive (and successful) arguments made in support of a non-guideline sentence to the lowest possible period of incarceration — the statutory mandatory minimum sentence of 60 months in prison.  (Guay, like many defendants, seems blissfully oblivious to the fact that she could easily have been facing a much more severe punishment had counsel been less effective, and had the prosecutor taken steps to increase the mandatory minimum.)  The reality is that counsel could not have been more effective with regard to sentencing — she received the minimum possible sentence.

　　　With regard to Guay's "testifying" at sentencing, while there was no issue requiring testimonial evidence, still, she not

only was advised of her right of allocution, but she invoked that right and did address the court.  She did not mention any of the issues she now seeks to raise.

Guay's sworn statements belie her general claim that she wanted to go to trial but was forced by counsel in some undisclosed manner to plead guilty.  Moreover, that claim does not appear to be rational — the charges to which she pled guilty were based upon hand-to-hand sales of drugs by her to an undercover officer; the plea agreement was a favorable one; and she faced additional charges related to other drug sales.  Her choice to plead guilty was eminently reasonable (and beneficial) under the circumstances; her current claim that she actually wanted to go to trial is difficult to credit on any rational basis.  Again, claims that a guilty plea was induced by attorney coercion or misrepresentation, in the § 2255 context, must be "highly specific and usually accompanied by some independent corroboration" before even a hearing is warranted, much less relief granted.  See Butt, 731 F.2d at 80 n.5; see also Hernandez-Hernandez v. United States, 904 F.2d 758, 762 (1st Cir. 1990).  Guay's claims are decidedly unspecific, vague, uncorroborated, and contradicted by her own sworn statements and the record.

Finally, to succeed on an ineffective assistance of counsel claim involving a facially provident guilty plea, a defendant is required to make two showings: (1) "that [her] counsel's challenged acts or omissions made counsel's overall performance fall 'below an objective standard of reasonableness,'" United States v. Giardino, 797 F.2d 30, 31 (1st Cir. 1986) (citations omitted); and (2) "'a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial.'" Id. Petitioner fails on each requirement.

Nothing suggests that counsel's acts or omissions made his overall performance fall below an objective standard of reasonableness. As noted, Guay's plea colloquy statements are presumed truthful and she has offered no specific allegations of coercion or lack of preparation, or any other deficiency warranting a conclusion that counsel's performance was deficient in any way.

To the extent Guay suggests that counsel failed to consider or present an entrapment defense, she also misses the mark. Given the facts disclosed in the record, both those provided in the government's proffer (which she acknowledged as accurate),

and those proffered at sentencing, it is plain that counsel did carefully consider Guay's entrapment defense, correctly determined that it was not viable, and properly advised her in that respect. Among the many reasons why that defense was unavailable are these: (1) the government agent (the undercover officer) simply did not do or say anything that could amount to an improper inducement for Guay to sell him drugs; (2) the "middleman" (Cyr) was not requested, encouraged, or instructed by a government agent to employ a specified inducement, which could be found improper, against Guay; (3) the undercover officer did not act through the middleman after other government attempts at inducing her to engage in illegal conduct failed; and (4) Guay was plainly predisposed, even anxious, to sell crack to the undercover officer, soliciting his direct future contact after the first sale was arranged by the informant. See, e.g., United States v. Luisi, 482 F.3d 43, 55 (1st Cir. 2007) (describing the elements of an entrapment defense).

Guay's guilty plea trumps any legal defense she might have offered, and counsel's advice to plead guilty rather than risk trial on the strength of an entrapment defense was sterling advice, not ineffective assistance. An entrapment defense was not likely to succeed given the facts as acknowledged and the

7

current state of the law, but in any event, counsel's discouraging advice on that point was not ineffective assistance. It was, instead, particularly good advice.

Finally, the powder cocaine — crack cocaine sentencing disparity under the Sentencing Guidelines literally had no effect on Guay's sentence. She received a non-guideline sentence at the lowest possible level — that of the statutorily mandated minimum amount of five years in prison.

## Conclusion

The motion for relief pursuant to 28 U.S.C. § 2255 is without merit and is hereby denied.

**SO ORDERED.**

_/s/ Steven J. McAuliffe_
Steven J. McAuliffe
Chief Judge

October 23, 2007

cc: Kelly Guay, pro se
    Aixa Maldonado-Quinones, AUSA